513

State Board of Real Estate Examiners, Rankin, Appellant, v. Wyman, Appellee.

Ohio Appeals, Seventh District, Lake County.

No. 648. Decided July 3, 1961.

*Mr. Mark McElroy*, attorney general, and *Mr. William Boyko*, assistant attorney general, for appellant.
*Mr. John S. Nelson*, for appellee.

Donahue, J. Wyman was a real estate broker, whose office employed a number of salesmen.

The case comes before us upon appeal from the Common Pleas Court, which reversed a decision of the appellant, State Board of Real Estate Examiners, which revoked appellee's broker's license.

Appellee and his staff arranged a contract of sale for a house. Both buyer and seller signed said contract, which, among other things, set forth the receipt, by the appellee of $500.00 earnest money. The contract was conditioned upon buyers' ability to raise certain moneys by way of mortgage. Buyer also claimed that it was conditioned upon the sale of his own property. This latter matter was not communicated to seller, if it were a condition, and was not in the signed agreement.

Appellee claims that the reason buyer could not sell his own property was because he insisted on asking too much for it.

In any event, the buyer did not sell his property, and because of his indebtedness on that property and, it would appear, only for that reason, he was unable to obtain financing to buy the house involved here.

Thereupon a dispute arose as to the binding effect of the contract and as to who was entitled to the $500.00. The broker claimed that a valid contract existed. Eventually, either with the broker's consent, or at least his knowledge, the buyer and seller got together and agreed to cancel the contract. They also agreed that they would split the $500.00 and sent instructions to the broker to disperse the $500.00 in that way, including a release signed by both. These instructions contained a statement that if this was not satisfactory, then the broker should hold the money pending a court determination.

Appellee, finding no provision for any of the $500.00 to go for his services decided to hold the money, pending a court order.

Charges were then brought against the appellee before the board. Appellee, a non-practicing lawyer, appeared before the board without benefit of outside counsel, and at that time found that the board was permitting added charges to be made, which he had to defend against without prior notice. The board found against him and revoked his license.

An appeal was taken to the common pleas court, which found that the added charges were not brought in accordance with the provisions of the statute and that the board's decision was not supported by reliable, probative and substantial evidence and not in accordance with law, and therefore ordered the order of the board reversed and the broker's license restored.

In the course of procedure in the common pleas court, that court ordered the board to issue a corporate license to appellee and his associates, who had applied for such license and been refused. This was done. We find nothing in the statutes which require the state board *automatically* to issue to a broker, or group of brokers, a corporate license. Sections 4735.01, et seq, Revised Code, authorize the issuance of various licenses by the board. But discretion in the issuance of any license is still invested in the board, with the provision for appeal.

In this case the court had suspended the board's revocation of appellee's license. Then it was asked to order the board to issue a license to a corporation, which, while identified with appellee, would have officers and even associates who were not even connected with appellee at the time of his original suspension. Reliance is had of Section 119.12, Revised Code, which provides for the suspension of an order to prevent unusual hardship. The court's original suspension of the board's revocation was such an order. But the new order, intended to force the board to issue a corporate license was not a "suspension" within this statute. Neither can we see any unusual hardship in not clearing the way for appellee to change or expand. In any event, appellee had a clean path from the refusal of the board, provided outside this case, and we can see no reason for allowing this type of short-cut.

Now as to the other phases of the case, the statute requires that, on appeal, the common pleas court find that the board's order be supported by reliable, probative and substantial evidence in accordance with law in order to uphold the board. The common pleas court found that the order was not so supported.

We are limited to a finding that the lower court was or was not in the sound use of its discretion. A careful review of all the evidence not only fails to reveal an abuse of discretion but shows a sound use thereof. The court's decision on this point was amply buttressed by the evidence before it, even without the extra evidence introduced. It is therefore our finding, that even though the introduction of this evidence were to be found unauthorized by the procedural laws, that such introduction did not prejudice appellant.

Judgment of the lower court is hereby affirmed except as to that part which orders the State Board to issue a corporate license to Wyman Associates, Inc., which order shall be reversed. Cause remanded to the common pleas court for further proceedings in accordance with law.

BROWN, P. J., and GRIFFITH, J., concur.